1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CARLOS RIVERA,                                    )        Case No.: 5:12-CV-05714-EJD
                                                  )
                 Plaintiff,                       )        **ORDER TO SHOW CAUSE**
                                                  )
        v.                                        )
                                                  )
FREMONT UNION HIGH SCHOOL                          )
DISTRICT, ET AL.,                                 )
                                                  )
                                                  )
                 Defendants.                      )
                                                  )
                                                  )

        On November 7, 2012, Plaintiff Carlos Rivera ("Plaintiff") filed the instant action against

Fremont Union High School District ("FUHSD"), California Department of Education ("CDE"),

and the State of California, Office of Administrative Hearings ("OAH") alleging, in relevant part,

that FUHSD denied his son a free appropriate public education ("FAPE") in violation of the

Individuals with Disabilities Education Act ("IDEA") and that CDE indirectly deprived his son of a

FAPE by failing to ensure compliance with the IDEA in California. See Dkt. No. 1 ¶¶ 76-91, 102-

112.  Prior to initiation of this action and as required by the IDEA, Plaintiff filed a due process

complaint with OAH against FUHSD and CDE alleging a denial of FAPE. See Dkt. No. 26-2; 20

U.S.C. § 1415(l). The administrative law judge ("ALJ") dismissed Plaintiff's complaint against

each defendant, finding that Plaintiff did not have standing to bring an action against FUHSD on

behalf of his son and that OAH did not have jurisdiction over the claims against CDE. See Dkt.

1

1    Nos. 26-7 and 26-8. Plaintiff then filed this action pursuant to the IDEA, which authorizes "any

2    party aggrieved by the findings and decision made under this subsection…to bring a civil action

3    with respect to the complaint presented pursuant to this section."  20 U.S.C. § 1415(i)(2)(A).

4    Here, Plaintiff seeks relief in the form of an order overruling the ALJ's orders in their entirety, a

5    remand of Plaintiff's claims against FUHSD to the OAH for a hearing on the merits, an order

6    requiring CDE to develop residential placements for special education students aged 18 through 22

7    in California, an order requiring CDE to enact procedures to ensure compliance with 20 U.S.C. §

8    1415(m)(2), and attorney fees and costs.  See Dkt. No. 1.

9         Since the filing of the Complaint, the parties have stipulated to dismiss FUHSD from this

10   case with prejudice and dismiss OAH from this case without prejudice.  Dkt. Nos. 39 and 41.  CDE

11   is thus the only remaining defendant in this case.  CDE's motion to dismiss is presently pending

12   before the court.  See Dkt. No. 5.

13        Considering the current circumstances, the court has doubts as to the viability of this action.

14   This court does not have the power to order CDE to effectuate the systemic changes requested by

15   Plaintiff without, at the very least, a determination by the ALJ that Plaintiff's son requires such

16   services.[1]  See 20 U.S.C. § 1415(i)(2) (indicating that the district court's role is to review the ALJ's

17   determination, restricting the civil action to the evidence presented to the ALJ unless a specific

18   request for additional evidence is made to the court, and authorizing the court to grant relief it

19   determines to be appropriate based on a preponderance of the evidence); see also  Florence Cnty.

20   Sch. Dist. Four v. Carter, 510 U.S. 7, 15-16 (1993) (explaining that after a court has found that a

21   student's placement violates the IDEA, the court then has broad discretion to grant relief it

22   determines appropriate).  However, a remand to OAH for a hearing on the merits in order to allow

23   Plaintiff the opportunity to obtain such a determination would appear to be futile.  California's due

24   process hearing procedure requires the public agency "involved in any decisions regarding" the

25   individual student to be a party to the hearing.  Cal. Educ. Code § 56501(a).  Here FUHSD, not

26   CDE, is the public agency with decision-making authority as to Plaintiff's son's education.

27

28
[1] The court is also concerned it does not have the authority to grant Plaintiff this type of relief at all.  However, that question is not presently before the court.

2

Case No.: 5:12-CV-05714-EJD
ORDER TO SHOW CAUSE

United States District Court
For the Northern District of California

1   Therefore, in the absence of FUHSD, the court appears to be unable to afford complete relief in

2   this case.  See Fed. R. Civ. Proc. 19(a)(1).

3        The court seeks the parties' input concerning the legal issue described above and hereby

4   issues an order to show cause why this action should not be dismissed for failure to join a

5   necessary party.  Plaintiff shall file and serve on CDE an opening brief limited to the concerns

6   expressed by the court by no later than **July 11, 2013**.  CDE shall respond to this brief by no later

7   than **July 25, 2013**, and Plaintiff shall reply by no later than **August 1, 2013**.  No hearing will be

8   held on the order to show cause unless otherwise ordered by the court.

9   **IT IS SO ORDERED**

10  Dated: June 26, 2013



EDWARD J. DAVILA
United States District Judge

3

Case No.: 5:12-CV-05714-EJD
ORDER TO SHOW CAUSE