**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS RIVERA, | Case No.: 5:12-CV-05714-EJD |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| FREMONT UNION HIGH SCHOOL DISTRICT, ET AL., | |
| Defendants. | |

On June 26, 2013, this court issued an Order to Show Cause why this case should not be dismissed for failure to join a necessary party, the Fremont Union High School District ("FUHSD"). Dkt. No. 43. Having thoroughly reviewed the parties' briefing, the court determines that FUHSD is a necessary party, and Plaintiff having failed to show otherwise, the court DISMISSES this action WITHOUT PREJUDICE.

The following background is taken from the court's previous Order. On November 7, 2012, Plaintiff Carlos Rivera ("Plaintiff") filed the instant action against FUHSD, the California Department of Education ("CDE"), and the State of California, Office of Administrative Hearings ("OAH") alleging, in relevant part, that FUHSD denied his son ("the Student") a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act

1

Case No.: 5:12-CV-05714-EJD
ORDER DISMISSING CASE

("IDEA") and that CDE indirectly deprived his son of a FAPE by failing to ensure compliance with the IDEA in California. See Dkt. No. 1 ¶¶ 76-91, 102-112. Prior to the initiation of this action and as required by the IDEA, Plaintiff filed a due process complaint with OAH against FUHSD and CDE alleging a denial of FAPE. See Dkt. No. 26-2; 20 U.S.C. § 1415(l). The administrative law judge ("ALJ") dismissed Plaintiff's complaint against each defendant, finding that Plaintiff did not have standing to bring an action against FUHSD on behalf of his son and that OAH did not have jurisdiction over the claims against CDE. See Dkt. Nos. 26-7 and 26-8. Plaintiff then filed this action pursuant to the IDEA, which authorizes "any party aggrieved by the findings and decision made under this subsection…to bring a civil action with respect to the complaint presented pursuant to this section." 20 U.S.C. § 1415(i)(2)(A). Here, Plaintiff seeks relief in the form of an order overruling the ALJ's orders in their entirety, a remand of Plaintiff's claims against FUHSD to the OAH for a hearing on the merits, an order requiring CDE to develop residential placements for special education students aged 18 through 22 in California, an order requiring CDE to enact procedures to ensure compliance with 20 U.S.C. § 1415(m)(2), and attorney fees and costs. See Dkt. No. 1.

Since the filing of the Complaint, the Student has designated Plaintiff as his representative with regard to decisions involving his education and related services. See Dkt. No. 43-1. Additionally, the Student has been placed in a residential facility in Texas and the parties have stipulated to dismiss FUHSD from this case with prejudice. See Dkt. Nos. 39, 43. The parties also agreed to dismiss OAH without prejudice. See Dkt. No. 41. Thus, all that remain are two impact litigation claims against CDE: first, a claim that CDE failed to provide an adequate procedure to allow an adult to hold a student's educational rights when a student is determined to lack the ability to provide informed consent regarding educational decisions, and second, that CDE failed to provide an in-state residential facility for students aged 18-22.

In its Order to Show Cause, the court expressed doubts as to the viability of this action as it is currently presented. Particularly, the court raised concerns that without a determination on the merits by the ALJ in this action, i.e. without a finding that this particular Student, whom Plaintiff now properly represents, was denied a FAPE, the court cannot order CDE to effectuate the

2

Case No.: 5:12-CV-05714-EJD
ORDER DISMISSING CASE

systemic changes requested by Plaintiff. Plaintiff contends that these claims may proceed because he has exhausted his administrative remedies as to CDE and because FUHSD is not a necessary party as it cannot enact the systemic changes that Plaintiff seeks. The court disagrees. In an IDEA case such as this one, Plaintiff's claims against each defendant cannot be so simply distinguished.

That Plaintiff has dismissed his claims regarding the provision of a FAPE to the Student and is now only pursuing statewide impact claims[1] does not eviscerate Article III's standing requirements. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61 (1992). Here, a finding that the Student has been denied a FAPE in the ways identified by Plaintiff would likely constitute the requisite injury necessary to proceed on the systemic claims against CDE. However, under the IDEA, an administrative due process hearing—not an action in the district court—is the appropriate forum for making such initial determinations. See 20 U.S.C. §§ 1415(b)(6)(A), (f)(1)(A); i(2)(C). Moreover, as FUHSD, not CDE, is the public agency with decision-making authority as to the Student's education, it would be a necessary party to any such due process proceedings. See Cal. Educ. Code § 56501(a).

That the ALJ previously dismissed Plaintiff's Complaint against FUHSD is of no moment. The ALJ based the dismissal on standing grounds: at the time, Plaintiff did not hold the Student's educational rights and thus could not represent the Student. See Dkt. No. 26-7. As Plaintiff has since corrected that deficiency, he could now properly proceed with a due process hearing. The ALJ contemplated these exact circumstances in her order, providing that the dismissal is "without prejudice to allow Parent to refile the case should Parent ever become the holder of educational rights for Student." Id.

Additionally, that the ALJ dismissed CDE for lack of jurisdiction does not under these circumstances entitle Plaintiff to go forward with his impact claims in this forum. While any remanded proceedings would likely go forward with only FUHSD as a defendant, such a proceeding on the merits as to this individual Student is nevertheless necessary in order to exhaust

---

[1] Plaintiff's arguments in his Opening Brief Re: Order to Show Cause that the Student's Texas placement is inappropriate does not change the court's analysis. These claims are contained neither in the Complaint nor in the original due process complaint filed in OAH. At a minimum, Plaintiff would be required to amend the Complaint so that it could reflect his current claims and arguments. However, for the same reasons as discussed herein, a determination on the merits of these new claims by an ALJ would be required before this court could proceed.

3
Case No.: 5:12-CV-05714-EJD
ORDER DISMISSING CASE

Plaintiff's claims, including his impact claims. The court simply cannot order CDE to effect systemic change without at the very least a determination that the Student was denied a FAPE. See 20 U.S.C.§ 1415(i)(2) (premising the court's ability to order appropriate relief based primarily on its review of the underlying administrative record). FUHSD is a necessary party in order to make a determination as to whether the Student was offered, provided, or denied a FAPE. See Cal. Educ. Code § 56501(a). Once that determination on the merits had been made and Plaintiff's claims were properly before this court, nothing would preclude Plaintiff from re-joining CDE to this action pursuant to Federal Rule of Civil Procedure 19 so that the court could afford complete relief, if warranted, on his impact claims.

As FUHSD is a necessary party to any due process hearing but has been dismissed from this case with prejudice, the court cannot remand the case for a hearing on the merits. While the court recognizes the compelling challenge plaintiffs in IDEA cases face in choosing between settling in order to place students as soon as possible and pursuing their claims with the hopes of ultimately securing the right to a more appropriate and/or desirable placement for each student, Plaintiff here has already made the difficult decision to settle and must bear the consequences that flow from it. For the foregoing reasons, the court DISMISSES this action WITHOUT PREJUDICE. The clerk shall CLOSE this file.

**IT IS SO ORDERED**

Dated: August 30, 2013

_____
EDWARD J. DAVILA
United States District Judge